UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
J&R SLAW, INC.,

       Plaintiff,     **MEMORANDUM OF**
                  **DECISION AND ORDER**
                  07CV5022 (ADS)(AKT)

  -against-

ALL SYSTEMS PRECAST, INC.

       Defendants.
----------------------------------------------------------X
**APPEARANCES**

**McELROY DEUTSH & MULVANEY, L.L.P.**
Attorneys for the plaintiff
Wall Street Plaza
88 Pine Street
  By: Mark A. Rosen, Esq.
     Scott Levin, Esq., Of Counsel

**La REDOLLA LESTER & ASSOCIATES**
Attorneys for the defendant
600 Old Country Road, Suite 224
Garden City, NY 11530
  By: Robert James La Reddola, Esq.
     Wendy C. Pelle-Beer, Esq., Of Counsel

**SPATT, District Judge:**

## I. BACKGROUND

This is an action for breach of contract arising from an alleged sub-contract between the plaintiff, J&R Slaw, Inc., and the defendant, All Systems Precast, Inc., for the defendant to perform "precast" concrete work as part of the construction of a nursing facility. The plaintiff, by its complaint, alleges that the parties entered into an

agreement whereby the defendant would erect the precast concrete as set forth in project specifications for the agreed upon price of $1,818,340., and that the defendant breached the agreement by failing to complete performance.

The plaintiff's succinct complaint alleges two causes of action. Count I, states in pertinent part that:

> . . . Slaw entered into a subcontract with defendant All Systems whereby All Systems was to perform the erection of the precast concrete for the agreed-reasonable price and reasonable value of $1,818,340 ("Agreement").
> Defendant All Systems entered into performance of said contract agreement, attended project meetings, participated in the review of development of precast piecing and sizing, participated in the determination of equipment utilization, submitted drawing for the location of proposed equipment and presented requests for change orders.
> In or about May, 2007, defendant All Systems breached and defaulted upon said Agreement by advising plaintiff that it was "withdrawing" from the Agreement and by refusing to perform anything further in connection with the Agreement or the Project.
> By reason of defendant's breach and default upon its contract obligations, plaintiff has been forced to engage others to complete defendant's contract obligations.

Complaint, November 14, 2007, at ¶¶ 6–9.

Count II, apparently grounded on a theory of promissory estoppel states:

> Defendant submitted a quote and proposal to plaintiff for the performance of the work on the Project.
> Upon submitting this quote and proposal to plaintiff, defendant knew that plaintiff would rely on the quote and proposal in furtherance of its work on the Project.
> Plaintiff advised defendant that it was accepting the quote and proposal and was proceeding with a subcontract agreement.
> Defendant acknowledged the parties' agreement with respect to the Project by entering into performance by, *inter alia*,

> attending project meetings, participating in the review and development of precast piecing and sizing, participating in the review and development of equipment utilization, submitting drawings for locating proposed equipment and presenting requests for change orders.
>
> Plaintiff relied upon defendant's acknowledgment of the parties' agreement and its obligations thereunder and the fact that it was proceeding with its work under the Agreement in connection with the Project.

Complaint, November 14, 2007, at ¶¶ 12–16.

Presently before the Court is the defendant's motion to dismiss the complaint in its entirety for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). The defendant contends that the parties never came to a binding agreement and the communications between them show that they were involved in mere negotiations, rather than manifesting a binding offer and acceptance. In addition, the defendant contends that the plaintiff's breach of contract claim is insufficient on its face as it fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8.(a)(2). Finally, the defendant argues that the plaintiff's claim sounding in promissory estoppel is untenable because (1) any unwritten agreement between the parties is barred by the Statute of Frauds; and (2) the plaintiff cannot claim promissory estoppel where the only communication originated by the defendant was a counter-offer to the plaintiff's initial offer and the defendant was unaware that the plaintiff would rely on its counter-offer.

## II. Discussion

At the pleading stage of litigation, the plaintiff need only provide a "'short and plain statement'" that "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)); see also FED. R. CIV. P. 8(a)(2). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512, 122 S. Ct. 992, 152 L. Ed. 2d 1.

In considering a 12(b)(6) motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). In this regard, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999).

Further, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). According to the

Second Circuit, "[i]n last term's *Twombly* decision . . . the Supreme Court held that a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Id.* As correctly noted by the defendant, the *Twombly* Court noted that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

**A.     As to plaintiff's breach of contract claim**

Defendant argues that the communications between the parties establish that the parties did not intend to be bound by any agreement, but instead illustrate an offer by the plaintiff, a counter-offer by the defendant, and a rejection and counter-offer by the plaintiff. In support of this contention, the defendant relies on a series of letters and proposal comments exchanged between April 24, 2006 and May 22, 2007, the date on which All Systems withdrew its proposal for the project.

On a motion to dismiss pursuant to Rule 12(b)(6), where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). "The conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is strictly

enforce[d] and mandatory." *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 154–55 (2d Cir. 2006) (internal quotations and citations omitted).

Converting the defendant's motion to one for summary judgment would require the Court to resolve the plaintiff's allegations that the defendant manifested assent to perform the work by its partial performance. A determination regarding the defendant's alleged partial performance would require factual findings as to both the scope of the defendant's obligations under the proposed agreement and whether the actions it took constituted partial performance of those obligations in a way that would bind it to complete performance. Here, the Court declines to convert the present motion to one for summary judgment without the benefit of additional discovery and, therefore, will not consider the extraneous material submitted by the defendant in support of its motion. Thus, the Court must test the sufficiency of the plaintiff's complaint on its face, taking all allegations therein as true.

In opposition to the defendant's motion, the plaintiff states that there was a binding preliminary agreement between the parties, without any open terms. In addition, the plaintiff contends that it is customary within the construction industry for a preliminary agreement to be accepted by performance and the defendant began performance by attending project meetings, participating in the review of development of precast piecing and sizing, participating in the determination of equipment utilization, submitting drawings for the location of proposed equipment, and

presenting requests for change orders.

In order to state a claim for breach of contract, the plaintiff "need only allege (1) the existence of an agreement; (2) adequate performance of the agreement by the plaintiff; (3) breach of the agreement by the defendant; and (4) damages." *Global Master Fund Ltd. v. Morgan Guar. Trust*, 375 F.3d 168, 177 (2d Cir. 2004); *Spithogianis v. Haj-Darwish*, 07CV4609, 2008 WL 82188, at *4 (S.D.N.Y. Jan. 7, 2008). "'Courts should endeavor to enforce agreements' where the material terms can be ascertained." *Spithogianis*, 2008 WL 82188, at *4 (quoting *Rates Tech., Inc. v. New York Telephone Co.*, No. 94CV9297, 1995 WL 438954, at *4 (S.D.N.Y. July 25, 1995)).

Although the complaint does not explicitly spell out all of the purported contract terms and no written contract is appended to the complaint, it alleges sufficient facts to withstand a motion to dismiss. Specifically, the plaintiff asserts the existence of an executory contract whereby each party agreed to certain performance in connection with the erection of precast concrete; the agreed upon price of $1,818,340.; the plaintiff's participation in advancing the project; the defendant's partial performance and subsequent default of the agreement; and damages. When viewed in a light most favorable to the plaintiff, the Court finds that the complaint sufficiently states facts upon which Count I may be maintained and the plaintiff should be allowed to proffer evidence in support of this claim. *See Carroll v. Kahn*,

No. 03CV0656, 2003 WL 22327299, at *4 (Oct. 9, 2003) ("Plaintiff need not plead all the material elements of a contract to state a claim."); *Bonacci v. Lone Star Intern. Energy, Inc.*,. No. 98CV0634, 1999 WL 76942, at *4 (S.D.N.Y. Feb. 16, 1999) (finding breach of contract claim sufficient where the plaintiff, though setting forth the elements of its claim in general terms, alleged breach of " a business arrangement" whereby the defendant "was to provide certain services . . . to assist with [a] consulting program"). Therefore, the defendant's motion to dismiss Count I of the plaintiff's complaint is denied.

**B.     As to the plaintiff's claim for promissory estoppel**

The defendants also ask the Court to dismiss the plaintiff's alternative claim for promissory estoppel. First, the defendant contends that any oral agreement between the parties would be barred by the Statute of Frauds as performance could not be completed by all parties within one year. In addition, the defendant contends that the plaintiff's allegation that it relied on defendant's "quote and proposal" cannot be accurate as it was the plaintiff who sent the defendant a proposed sub-contract and the defendant submitted only a counter-offer to the plaintiff's offer, not a bid on the project. Finally, the defendant states that the plaintiff cannot establish that it reasonably relied upon defendant's representations because any actions taken by the plaintiff during contract negotiations were taken on its own accord, not due to the defendant's representations.

Promissory estoppel may be plead as an alternative theory of liability to breach of contract. *Direct Inv. Partners AG v. Cerberus Global Investments, LLC*, 07CV3310, 2008 WL 355467, at *8 (S.D.N.Y. Feb. 7, 2008). To state a claim for promissory estoppel, the plaintiff must show: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance. *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000); *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995). Here, the plaintiff's claims that it relied on the defendant's "quote and proposal . . . for the performance of the work on the [nursing center]" are insufficient to satisfy even our liberal pleading standard. It is difficult, if not impossible, to discern what the defendant's "clear and unambiguous" promise was and why it was reasonable for the plaintiff to rely on that promise. Further, the plaintiff failed to append to the complaint the "quote and proposal" that it allegedly relied upon to its detriment, adding to the ambiguity of its claim. Therefore, the Court will dismiss the plaintiff's claim for promissory estoppel with leave to replead. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

### III. CONCLUSION

For the foregoing reasons it is hereby:

**ORDERED**, that the defendant's motion to dismiss Count I of the complaint

for breach of contract is denied; and it is further

**ORDERED**, that the defendant's motion to dismiss Count II of the complaint is granted without prejudice and with leave to amend; and it is further

**ORDERED**, that the plaintiff's amended complaint must be filed within twenty days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
July 11, 2008

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge